UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JEREMY D. LIEBICH,<br><br>　　　　　　　Petitioner,<br><br>　v.<br><br>Jeffrey A Uttecht,<br><br>　　　　　　　Respondent. | CASE NO. 3:20-cv-05053-BHS-JRC<br><br>REPORT AND<br><br>RECOMMENDATION<br><br>NOTED FOR: JULY 31, 2020 |

The District Court has referred this action to United States Magistrate Judge J. Richard Creatura. Petitioner Jeremy D. Liebich filed his federal habeas petition ("petition"), pursuant to 28 U.S.C. § 2254, seeking relief from his state court convictions and sentence. *See* Dkts. 1, 3. The Court concludes that petitioner failed to properly exhaust his state court remedies as to all grounds raised in the petition. Because petitioner's time for pursuing state remedies has expired, petitioner has procedurally defaulted on all his claims. Therefore, the Court recommends that the petition be dismissed with prejudice.

REPORT AND RECOMMENDATION - 1

**BACKGROUND**

Petitioner is in custody under a state court judgment and sentence imposed for his convictions of child rape, child molestation, and attempted child molestation. Dkt. 9, Exhibit 1. Petitioner was sentenced on May 10, 2017. Dkt. 9, Exhibit 1. Petitioner appealed his judgment and sentence to the Washington Court of Appeals. Dkt. 9, Exhibit 3. The Washington Court of Appeals affirmed the judgment and sentence on February 20, 2019. Dkt. 9, Exhibit 2. Petitioner did not seek review by the Washington Supreme Court and the Washington Court of Appeals issued the mandate on April 1, 2019. Dkt. 9, Exhibit 5; 11. Petitioner has not filed a personal restraint petition or other collateral challenge in state court. Dkt. 9, 11.

On January 19, 2020, petitioner filed this petition pursuant to § 2254. Dkts. 1, 3. Petitioner raises four grounds for relief all based on his claim that the State of Washington does not have jurisdictional authority to decide federal matters. Dkt. 3. On March 3, 2020, respondent filed the original answer, wherein he asserts that petitioner has not properly exhausted his available state court remedies. Dkt. 8. Respondent argued in the alternative that the petition be dismissed with prejudice on the merits. Dkt. 8. On April 29, 2020, the Court ordered respondent to file a supplemental brief as to whether petitioner's claims were procedurally defaulted. Dkt. 10. On April 30, 2020, respondent filed the supplemental answer, arguing that petitioner's claims are now procedurally defaulted and that the petition should be dismissed with prejudice. Dkt. 11. Petitioner did not file a traverse or a supplemental response.

**DISCUSSION**

Respondent maintains that petitioner failed to exhaust the grounds raised in the petition and is procedurally barred from federal review. Dkt. 8, 11

1. *Exhaustion of State Remedies*

"A state prisoner is required to exhaust all available state court remedies *before a federal court may grant him habeas relief.*" *Kelly v. Small,* 315 F.3d 1063, 1066 (9th Cir. 2003) (*overruled on other grounds by*, *Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007) (emphasis added). *See also Sharpe v. Buchanan*, 317 U.S. 238 (1942) (per curiam) (vacating a court of appeals' decision affirming the dismissal for lack of exhaustion and remanding for further proceedings because petitioner had successfully exhausted his claims while awaiting review by the Supreme Court which indicates that a federal court can grant relief on an exhausted claim even if the claims were unexhausted at the time the federal petition was filed, and even if the federal claims were not exhausted until the case on appeal in the federal circuit court.) "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Petitioner bears the burden of proving he has exhausted available state remedies and retains the burden to prove all facts relevant to the exhaustion requirement. *See Rose v. Lundy*, 455 U.S. 509, 520 (1982); 28 U.S.C. § 2254(b)(1)(A).

In the petition, petitioner raises four grounds for relief asserting that he is unlawfully detained, and that the State of Washington does not have jurisdictional authority to decide federal matters. Dkt. 3. As petitioner did not raise any of the four grounds in the instant petition on direct appeal or collateral review, he did not give the state court a full and fair opportunity to determine if a federal constitutional violation occurred. *See Baldwin v. Reese*, 541 U.S. 27, 29

1  (2004) ("To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present'
2  his claim in each appropriate state court (including a state supreme court with powers of
3  discretionary review), thereby alerting that court to the federal nature of the claim."); *Ortberg v.*
4  *Moody*, 961 F.2d 135, 138 (9th Cir. 1992) (finding claims were unexhausted when they were not
5  raised on every level of direct review).
6        Petitioner appears to argue that his claims are exempt from the exhaustion requirement,
7  stating that the state does not have jurisdiction over federal constitutional matters. *See* Dkt. 3.
8  The Court may consider an unexhausted federal habeas petition if it appears "there is an absence of
9  available State corrective process . . . or circumstances exist which render such process ineffective
10  to protect the rights of the applicant." 28 U.S.C. 2254(b)(1)(B). However, petitioner has not shown
11  that there is an absence of available state corrective processes or circumstances exist rendering any
12  state process ineffective. Rather, petitioner appears to disagree with the exhaustion requirement
13  and the state court's jurisdictional authority. Accordingly, the Court finds that petitioner has not
14  shown that there were no state court remedies available to him. Therefore, the Court concludes
15  that all four grounds raised in the petition were not properly exhausted.
16        2. *Procedural Default*
17        Procedural default is distinct from exhaustion in the habeas context. *Franklin v. Johnson*,
18  290 F.3d 1223, 1230 (9th Cir. 2002). The procedural default rule bars consideration of a federal
19  claim when it is clear the state court has been presented with the federal claim but declined to
20  reach the issue for procedural reasons or it is clear the state court would hold the claim
21  procedurally barred. *Id.* at 1230-31 (citations omitted). If a state procedural rule would now
22  preclude the petitioner from raising his claim at the state level, the claim is considered
23
24

REPORT AND RECOMMENDATION - 4

Case 3:20-cv-05053-BHS   Document 12   Filed 07/01/20   Page 5 of 8

1  "procedurally defaulted" and the federal courts are barred from reviewing the petition on the merits. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991); *O'Sullivan*, 526 U.S. at 845.

All four grounds raised in the petition are procedurally defaulted because if petitioner attempted to collaterally challenge these claims in subsequent collateral attack, the state court would find the claims barred by Washington State law. Washington State imposes a one-year statute of limitations on filing a post-conviction collateral attack. RCW § 10.73.090.

" '[C]ollateral attack' means any form of postconviction relief other than a direct appeal. 'Collateral attack' includes, but is not limited to, a personal restraint petition, a habeas corpus petition, a motion to vacate judgment, a motion to withdraw guilty plea, a motion for a new trial, and a motion to arrest judgment." RCW 10.73.090(2). Here, petitioner's convictions became final on April 1, 2019, the date the direct appeal mandate was issued. Dkt. 9, Exhibit 5; RCW 10.73.090(3)(b). Thus, the time to file a petition or motion for post-conviction relief expired on April 1, 2020. RCW 10.73.090(1), (3)(b). As the one-year statute of limitations has passed, petitioner is barred from filing a subsequent collateral attack in state court. *See id*. at (1).

Petitioner would be precluded from asserting all four grounds raised in the petition in state court, and thus, these claims are procedurally defaulted in federal court. *See Coleman*, 501 U.S. at 731-32, 735 n.1; *Casey v. Moore*, 386 F.3d 896, 920 (9th Cir. 2004); *Eisermann v. Penarosa*, 33 F.Supp.2d 1269, 1274 (D. Haw. 1999) ("[I]f a petitioner has never raised his federal claim to the highest state court available and is now barred from doing so by a state procedural rule, exhaustion is satisfied because no state remedy remains available, but the petitioner has procedurally defaulted on his claim.").

However, procedural default will be excused and a petitioner will be entitled to federal habeas corpus review if he "can demonstrate cause for the default and actual prejudice as a result

REPORT AND RECOMMENDATION - 5

1  of the alleged violation of federal law, or demonstrate that failure to consider the claims will
2  result in a fundamental miscarriage of justice[.]" *See Boyd v. Thompson*, 147 F.3d 1124, 1126
3  (9th Cir. 1998) (citing *Coleman*, 501 U.S. at 750). To establish "cause," a petitioner must show
4  some objective factor external to the defense prevented him from complying with the state's
5  procedural rule. *Coleman*, 501 U.S. at 753 (citing *Murray v. Carrier,* 477 U.S. 478, 488 (1986)).
6  To show "prejudice," a petitioner "must shoulder the burden of showing, not merely that the
7  errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and
8  substantial disadvantage, infecting his entire trial with error of constitutional dimensions."
9  *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original).

10  Only in an "extraordinary case" may the habeas court grant the writ without a showing of
11  cause and prejudice to correct a "fundamental miscarriage of justice" where a constitutional
12  violation has resulted in the conviction of a defendant who is actually innocent. *Murray,* 477
13  U.S. at 495–96. To demonstrate he suffered a fundamental miscarriage of justice, viewing all the
14  evidence in light of new reliable evidence, the petitioner must show "it is more likely than not
15  that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v.*
16  *Bell*, 547 U.S. 518, 537 (2006) (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

17  Here, petitioner has not alleged any facts that establish cause or prejudice. Nor does
18  petitioner present any new evidence demonstrating that it is more likely than not that no
19  reasonable juror would have convicted him in light of any new evidence. Petitioner simply did
20  not raise the claims in his petition at all levels of the state court. Accordingly, petitioner has
21  made no showing of cause or prejudice or a fundamental miscarriage of justice. Because
22  petitioner cannot excuse his procedural default, all four grounds raised in the petition are not
23  cognizable in a habeas corpus proceeding and should therefore be dismissed with prejudice.
24

1  Based on the foregoing, the Court declines to address respondent's alternative argument that the
2  petition should be dismissed with prejudice for lack of merit. *See* Dkt. 8. In addition, the Court
3  need not reach the issue of timeliness because respondent does not raise the issue and as is
4  already noted, petitioner's claims are unexhausted and procedurally defaulted.

**EVIDENTIARY HEARING**

6        The decision to hold an evidentiary hearing is committed to the Court's discretion.
7  *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a
8  hearing could enable an applicant to prove the petition's factual allegations, which, if true, would
9  entitle the applicant to federal habeas relief." *Id.* at 474. In determining whether relief is
10 available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the
11 state court. *Cullen*, 563 U.S. at 181-82. A hearing is not required if the allegations would not
12 entitle Petitioner to relief under §2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the
13 record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district
14 court is not required to hold an evidentiary hearing." *Id*. The Court finds it is not necessary to
15 hold an evidentiary hearing in this case because, as discussed in this report and recommendation,
16 petitioner's grounds may be resolved on the existing state court record.

**CERTIFICATE OF APPEALABILITY**

18       A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district
19 court's dismissal of the federal habeas petition only after obtaining a certificate of appealability
20 (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability
21 may issue . . . only if the [petitioner] has made a substantial showing of the denial of a
22 constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating
23 that jurists of reason could disagree with the district court's resolution of his constitutional

1  claims or that jurists could conclude the issues presented are adequate to deserve encouragement
2  to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*,
3  529 U.S. 473, 484 (2000)).

4  No jurist of reason could disagree with this Court's evaluation of petitioner's claims or
5  would conclude that the issues presented in the petition should proceed further. Therefore, the
6  Court concludes that petitioner is not entitled to a certificate of appealability with respect to this
7  petition.

## CONCLUSION

9  For the above stated reasons, the Court concludes that all grounds raised in the petition
10 are unexhausted and procedurally defaulted. The Court also finds that an evidentiary hearing is
11 not necessary. Therefore, the Court recommends that the petition be dismissed with prejudice
12 and a certificate of appealability not be issued.

13 Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have
14 fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.
15 6. Failure to file objections will result in a waiver of those objections for purposes of de novo
16 review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit
17 imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on July
18 31, 2020 as noted in the caption.

19 Dated this 1st day of July, 2020.

J. Richard Creatura
United States Magistrate Judge